IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GLORIA MARIA MONTOYA          )
SANTIAGO-RAMIREZ,             )
                             )
              Plaintiff,      )
                             )
        v.                   )        C.A. No. 25-466 (MN)
                             )
AMERICAN AIRLINES, *et al.*,  )
                             )
              Defendants.     )

## **MEMORANDUM OPINION**

Gloria Maria Montoya Santiago-Ramirez – *Pro Se* Plaintiff

May 16, 2025
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

On April 17, 2025, Plaintiff Gloria Maria Montoya Santiago-Ramirez initiated this civil action *pro se*, alleging civil claims against Defendants American Airlines, Air Canada, British Airlines, and American Culinary Federation.[1] (D.I. 3). Plaintiff has been granted leave to proceed *in forma pauperis*. (D.I. 6). The Court proceeds to review and screen the Complaint (D.I. 3) pursuant to 28 U.S.C. § 1915(e)(2)(b).

## I.  <u>BACKGROUND</u>

According to the civil cover sheet submitted with the Complaint, this is a prisoner mandamus petition, and it involves claims related to contracts, insurance, education, and identification, for which Plaintiff seeks $4 billion. (D.I. 3-3). The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

Between 1955 and 2099, in Wilmington, Delaware, and elsewhere, a series of difficult to follow events occurred. (D.I. 2 at 4). The United States government endured a series of security breaches. (*Id.*). Possibly, Plaintiff believes that these breaches allowed for misuse of her identity on dates unknown and in ways that are not clearly stated. (*Id.* at 5). Also, Plaintiff may have been struck by a police cruiser in Virginia in November 2024. (*Id.*). The Complaint also mentions housing displacement, homelessness, and other matters that are civil and criminal in nature, none of which are clearly related to each other or the parties named as Defendants in this case. (*Id.* at 3-6). Plaintiff sustained injuries in the form of wrongful detention, passport theft, and other allegations that are difficult to follow. (*Id.* at 7). Plaintiff seeks relief that is also difficult to follow

---

[1]     Along with her Complaint, Plaintiff filed a motion to expedite (D.I. 1). It is unclear from the motion what the grounds for expedition are, and the Court denies that motion.

but includes return of Plaintiff's right to practice religion, recovery of cable and satellite television, and other forms of relief. (*Id.*).

## II.    **DISCUSSION**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). When a plaintiff proceeds *pro se*, the pleading is liberally construed, and the complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014)

(per curiam).  A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Connelly v. Lane Constr. Corp*., 809 F.3d 780, 787 (3d Cir. 2016).  Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Even when liberally construing Plaintiff's pleading and reviewing the Complaint in the light most favorable to her, the Complaint must be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), because it is clearly frivolous and fails to state a claim.  A thorough review of the allegations in the Complaint (D.I. 3) reveals no possibility of any viable and timely claim before this Court.  As such, amendment is futile, and this case will be closed.

III.   **CONCLUSION**

For the above reasons, the Court will dismiss with prejudice the Complaint (D.I. 3), pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

An appropriate Order will be entered.